CHARLES E. LAWTON, demandante y apelante, *v.* VICENTE RODRÍGUEZ RIVERA, demandado y apelado.

No. 4213.—*Sometido:* Julio 7, 1930. *Resuelto:* Julio 24, 1930.

F. *Soto Gras,* abogado del apelante, peticionario en este caso; J. *Henri Brown, C. Ruiz Nazario y G. E. González,* abogados del apelado, opositor.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Resolviendo este caso, procedente de la Corte de Distrito de San Juan, dictó esta corte, el 23 de abril de 1928, una sentencia que dice:

"Examinados los autos y habiendo en consideración los alegatos y los informes de los abogados de ambas partes, por los motivos consignados en la opinión que antecede, se revoca la resolución apelada que dictó la Corte de Distrito de San Juan el 1º. de febrero de 1927, y se devuelve el caso a la dicha Corte de Distrito para que dicte sentencia condenando a Rafael Carrión Pacheco como sucesor del de-

mandado Vicente Rodríguez Rivera por desacato, imponiéndole el castigo que estimare justo, y decretando la expedición de un mandamiento ordenando a Carrión que proceda a demoler la edificación levantada en el solar No. 4 del 'Carrión's Court' dentro del plazo razonable que se le fije, con los demás pronunciamientos que fueren procedentes e imposición de las costas a Carrión. Comuníquese.''

Rafael Carrión, por medio de su abogado, solicitó la reconsideración de dicha sentencia, y la corte, el 31 de mayo de 1928, resolvió lo que sigue:

''A la moción presentada por Rafael Carrión, para reconsiderar y anular la sentencia de esta corte de abril 23, 1928, no ha lugar en cuanto a la conclusión a que llegara este Tribunal en lo que hace referencia a la petición de un auto de injunction perentorio en ejecución de la sentencia previamente dictada en el litigio. En cuanto a la cuestión de desacato y en cuanto a si esta corte debe dictar la sentencia que debió haber dictado la Corte de Distrito, se reconsidera la dicha sentencia de abril 23, 1928, y sobre tales extremos se señala una nueva vista que tendrá lugar el día 11 de junio de 1928, a las 2 p.m.''

Celebrada la nueva vista acordada, la corte, en julio 26, 1928, dictó la siguiente sentencia:

''Reconsiderada como fué la sentencia dictada por esta Corte el 23 de abril último, examinado el caso de nuevo, por los motivos consignados en la opinión emitida el dicho día 23 de abril de 1928, y en la que antecede, la Corte se abstiene de intervenir en lo que al desacato se refiere y revoca la resolución recurrida en cuanto negó la expedición del auto de injunction solicitado y en su lugar, procediendo a dictar la resolución que debió haber dictado la Corte de Distrito, decide que se expida por el Secretario de la dicha Corte de Distrito un mandamiento de injunction perentorio en la forma ordinaria y en ejecución de la sentencia dictada en el pleito seguido en la Corte de Distrito de San Juan por Charles E. Lawton contra Vicente Rodríguez Rivera, sobre injunction, dirigido contra Rafael Carrión para que destruya dentro del término de noventa días contado a partir del en que esta sentencia sea recibida en la Corte de Distrito, la edificación levantada en el solar No. 4 del Carrión's Court, comprado por Carrión al demandado Rodríguez el 9 de febrero de 1925, según contrato hecho constar posteriormente en escritura pública otorgada el 30 de octubre de 1926. Comuníquese.''

La anterior sentencia se basó en una opinión que termina así:

"Dada la naturaleza de éste, creímos que era mejor la fórmula adoptada. Eliminada la cuestión de desacato, se cumplirá a la letra el precepto y se procederá a dictar la resolución que debió haber dictado la Corte de Distrito, fijándose el término de noventa días contado a partir del en que la sentencia de esta corte se reciba en la de distrito, para la demolición de lo edificado en contravención de la sentencia, con imposición de las costas a Carrión."

No conforme Carrión apeló para ante la Corte de Circuito y este tribunal confirmó la sentencia recurrida.

Al presentar su memorándum en la corte de distrito, la parte victoriosa actuó sobre la base de una concesión de costas a su favor y en el curso del procedimiento advirtió que la sentencia de julio 26, 1928, no contenía un pronunciamiento expreso sobre costas.

La dicha parte victoriosa presentó entonces una moción a este tribunal pidiendo que se corrigiera la omisión y se ajustara la sentencia a la opinión en que se funda. La parte contraria se opuso, alegando que esta corte carece de jurisdicción para modificar o corregir su sentencia después de vencido el término en que fué dictada y de haber sido apelada y confirmada en los mismos términos en que se dictó y registró por la Corte de Circuito, y porque modificar ahora dicha sentencia incluyendo costas y honorarios de abogado, la privaría de su derecho a que dicho pronunciamiento fuese revisado en apelación por la Corte de Circuito.

Ambas partes fueron oídas ampliamente. La demandante archivó además un memorandum en apoyo de su contención.

A nuestro juicio no hay duda alguna sobre que la intención de esta corte fué imponer las costas a Carrión. Así expresamente se ordenó en la sentencia de abril 23, 1928, que se ajusta en un todo a la opinión que la sirve de base.

Esa sentencia fué reconsiderada sólo en cuanto a la cuestión de desacato y a la de si debía dictarse por esta Corte

Suprema la sentencia que debió dictar la corte de distrito. Expresamente se dejó en pie en cuanto a la expedición del auto de *injunction,* sin que nada expresamente se dijera sobre el pronunciamiento de costas.

Oídas las partes sobre los extremos indicados, la corte, por la opinión unánime de todos sus jueces, ordenó que se dictara la resolución que debió haber dictado la corte de distrito, "con imposición de las costas a Carrión," pero al dictarse dicha resolución, se omitió el pronunciamiento de costas.

Nadie lo advirtió. Se apeló el caso y la sentencia fué confirmada.

¿Podemos ahora corregir la sentencia en el sentido de ajustarla a la opinión en que se basa y de modo que exprese el verdadero juicio de la corte?

Hemos tenido dudas con respecto a nuestro poder. Sin embargo, la jurisprudencia que a continuación citamos y lo claro de los hechos tales como surgen de los autos mismos, nos llevan finalmente a decidirnos por la existencia del poder y por su aplicación en pro del restablecimiento de la verdad.

La jurisprudencia es como sigue:

"El poder de la corte para corregir el registro de una sentencia en forma tal que exprese de manera correcta la sentencia dictada por la corte, puede ser ejercido bien antes o después de haberse fallado definitivamente una apelación, siempre que, desde luego, la enmienda no afecte los derechos substanciales del demandado, sino que consiste en la rectificación de un error de copia (*clerical*) que aparece de la faz de los autos." Boust v. Superior Court, 162 Cal. 343, 345.

"En lo relativo a la facultad de enmendar, se hace distinción entre los actos de la corte y los del secretario, y si bien esa facultad no se extiende a la corrección de errores de la corte al dictar sentencia, sin embargo, si la corte dicta sentencia desde los estrados, y todo lo que queda por hacer es la realización del deber del secretario de copiar la sentencia o registrarla, o ambas cosas, el acto judicial es completo; y si se comete error al registrarla, de suerte que la sentencia registrada no está de acuerdo con la ordenada, ese error puede ser corregido en un término posterior de la corte, aun cuando no se pueda

enmendar la sentencia misma después de haber expirado el término de la corte en que fué dictada. La teoría de esta regla es que la actuación de la corte no puede ser alterada por haber dejado un mero empleado de cumplir con su deber, y una parte tiene derecho a que los autos demuestren lo que la corte hizo en su caso. De suerte que si bien una corte generalmente carece de facultad para alterar o enmendar sus sentencias finales después de haber expirado el término en que fueron dictadas, sin embargo, después de transcurrido el término la corte puede efectuar enmiendas en el libro de sentencias a fin de corregir errores de copia, equivocaciones, u .omisiones del secretario o de cualquier otro funcionario de la corte, inadvertencias de los abogados, o subsanar defectos u omisiones en los autos. Esta facultad de la corte para corregir errores de copia en los registros de sentencias prevalece aun en aquellos casos en que tanto el secretario que comete las equivocaciones como la corte que las corrige son una y la misma persona. Sin embargo, la facultad de corregir equivocaciones mediante enmiendas de la sentencia es una que debe ejercerse con gran cuidado y cautela y solamente a virtud de prueba clara y satisfactoria, porque cuando se practican asientos en el curso de los procedimientos de una corte, se presume que se han llevado a cabo después de cuidadosa consideración, y que son correctos.'' 15 R.C.L. 679, sección 130.

''En el ejercicio de la facultad de corregir equivocaciones, las cortes han aprobado enmiendas de sentencias hasta después de tres años o aun después de doce años de registradas, pero se ha resuelto que un mero fragmento escrito hallado entre los papeles de una causa después del transcurso de quince años no puede ser establecido mediante prueba oral como la sentencia final o decreto de la corte. En un caso adecuado puede concederse permiso para enmendar una sentencia aun después de haberse efectuado una venta en pública subasta en ejecución de tal sentencia, especialmente cuando la justicia del caso exige tal enmienda. Dentro del límite de tiempo concedido por la ley una sentencia puede ínterin se resuelve una apelación contra la misma, ser enmendada por la corte que la dictó si las circunstancias son tales que la enmienda está justificada, siempre que no se haya apelado. En tal caso un apelante no puede insistir en que se corrijan los errores de copia en la sentencia por la corte superior más bien que por la sentenciadora, aunque la enmienda hecha por la corte sentenciadora le prive de los motivos que tenía para apelar.

''Una sentencia puede ser enmendada nunc pro tunc después de transcurrido el término, cuando los autos revelan que la sentencia tal

como ha sido enmendada hubiese sido dictada desde el primer momento, a no 'ser por la inadvertencia de la corte o el error u omisión del secretario. Por lo general se conceden enmiendas nunc pro tunc sólo cuando se puede enmendar una resolución o sentencia por algo que aparezca en los autos y al igual que en el caso de una enmienda ordinaria de una sentencia, la facultad de la corte para enmendar sus sentencias nunc pro tunc no se extiende a modificar la sentencia substantiva previamente dictada o que se tuvo la intención de dictar. Por ejemplo, si los autos de una corte dejan de demostrar que ésta ha adquirido jurisdicción sobre la persona del acusado, la corte no puede en un término posterior entrar a discutir la cuestión de jurisdicción 'sobre dicho acusado y mediante una resolución nunc pro tunc hacer que los autos especifiquen que tal discusión se llevó a cabo durante el término en que se dictó la sentencia final. Por otra parte una sentencia puede ser enmendada nunc pro tunc en un término posterior a fin de demostrar que se dejó sin efecto una sentencia de non suit al pagarse las costas, cuando en el registro de sentencias aparece un asiento hecho de puño y letra del juez sentenciador al efecto de que se ha dictado una sentencia de non suit y se deja sin efecto por haberse pagado las costas. Procede la enmienda nunc pro tunc de una sentencia de la cual no se ha expedido mandamiento de ejecución dentro de un año, pero será necesario un auto de scire facias para que el demandante tenga derecho a ejecutarla. Cuando una corte enmienda sus autos nunc pro tunc el secretario debe enmendar sus asientos a fin de ajustarlos a las enmiendas." 15 R.C.L. 681 y 682, secciones 132 y 133.

Es cierto que la sentencia fué apelada, pero es cierto también que fué confirmada y que ahora se encuentra tal como la dictó esta corte, robustecida, además, por el criterio de la corte de apelación. A dicha corte no sólo fué la sentencia; fué también la opinión en que se funda.

En cuanto a que Carrión no suscitó la cuestión de costas entre los errores que asignó y se le priva ahora del derecho de discutir el pronunciamiento en apelación, más bien es un argumento de apariencia de injusticia, que de verdadera injusticia si se examinan los términos de la opinión de la Corte de Circuito al confirmar la de esta corte, pero creemos que debe quedar abierto el derecho que pueda asistirle a virtud de la corrección. No debe olvidarse que la parte apelante

había obtenido una sentencia a su favor, con costas, y que fué a virtud de la gestión de Carrión que la corte intervino y reconsideró en parte dicha sentencia.

*Debe corregirse, pues, la sentencia, agregándole las palabras omitidas y que constan en la opinión, a saber: "con imposición de las costas a Carrión," sin perjuicio del derecho que pueda asistir a éste a virtud de la corrección.*