Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| YARILIS GÓMEZ RIVERA<br><br>Demandante - Recurrida<br><br>v.<br><br>HARRY COLÓN RODRÍGUEZ<br><br>Demandado - Peticionario | KLCE202401073 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Civil núm.: PO2021RF00185<br><br>Sobre: Filiación |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2024.

El Tribunal de Primera Instancia ("TPI") declaró con lugar una solicitud de orden para que se cumpla con una sentencia. Según se explica en detalle a continuación, concluimos que erró el TPI, pues la referida sentencia es nula al haberse emitido como una enmienda a los términos medulares de otra sentencia, ello a pesar de que esta última era final y firme y se había dictado hacía más de seis meses.

I.

La Sa. Yarilis Gómez Rivera (la "Madre") y el Sr. Harry Colón Rodríguez (el "Padre") son los padres de una menor nacida en enero de 2021 (la "Menor"). La acción de referencia se presentó por la Madre en marzo de 2021; solicitó que se reconociera al demandado como el padre de la Menor y que se fijara la correspondiente pensión alimentaria. Además, la Madre solicitó al TPI que condenase al Padre al pago de "una compensación de no menos de $10,000.00

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLAN202300623).

por daños" y a "pagar costas, gastos y honorarios por una suma no menor de $8,000.00".

El Padre contestó la demanda; **admitió que la Menor era su hija** y no se opuso a que los procedimientos continuaran en cuanto a la pensión alimentaria.

E1 11 de mayo de 2022, el TPI notificó una *Sentencia* (la "Primera Sentencia") en la cual declaró con lugar la demanda en cuanto a la filiación (la "Primera Sentencia"). Nada se dispuso allí en cuanto a la reclamación de la Madre sobre daños y honorarios de abogado.

Oportunamente, la Madre solicitó la reconsideración de la Primera Sentencia (la "Reconsideración"). Señaló que el TPI había omitido disponer sobre "la solicitud de indemnización realizada en la demanda" por concepto de daños ($10,000.00), así como sobre "la solicitud de imposición ... [de] gastos, costas y honorarios de abogado" ($8,000.00).

**Mediante una Resolución notificada el 20 de octubre de 2022, el TPI denegó la Reconsideración.**

No obstante, por razones que no surgen del récord, el 21 de diciembre de 2022, el TPI notificó lo que denominó una *Sentencia Enmendada Nunc Pro Tunc* (la "Segunda Sentencia"). En la misma, y según solicitado en la Reconsideración que el TPI había denegado apenas dos meses antes, el TPI condenó al Padre al pago de $10,000.00 por daños y $8,000.00 "por concepto de gastos, costas y honorarios de abogado". No se consignó determinación alguna en apoyo de estas condenas.

En noviembre de 2023, la Madre solicitó al TPI que le ordenase al Padre pagar lo dispuesto en la Segunda Sentencia.

Mediante una Resolución notificada el 29 de agosto de 2024 (la "Resolución"), el TPI determinó que la Segunda Sentencia era

"final y firme", por lo cual el Padre estaba obligado a cumplir con los pagos dispuestos en la misma.

El 30 de septiembre (lunes), el Padre presentó el recurso que nos ocupa, con el fin de que revisemos la Resolución. Plantea que, siete meses luego de emitirse la Primera Sentencia, dos meses luego de denegarse la Reconsideración de la misma, el TPI no tenía autoridad para emitir la Segunda Sentencia, por lo cual erró el TPI al emitir la Resolución.'

Mediante una Resolución, le ordenamos a la Madre que mostrase causa por la cual no debíamos expedir el auto solicitado y revocar la Resolución.

La Madre presentó su alegato; arguyó que la Segunda Sentencia advino final y firme, por lo cual el TPI actuó correctamente al emitir la Resolución. Resolvemos.[2]

## II.

La Regla 49.1 de Procedimiento Civil, R. P. Civ. 49.1, 32 LPRA Ap. V (2010), estipula lo siguiente:

> Los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en éstas por inadvertencia u omisión, el tribunal podrá corregirlos en cualquier tiempo, a su propia iniciativa o a moción de cualquier parte, previa notificación, si ésta se ordena. Durante la tramitación de una apelación o un recurso de certiorari, podrán corregirse dichos errores antes de elevar el expediente al tribunal de apelación y, posteriormente, sólo podrán corregirse con el permiso del tribunal de apelación.

La razón de ser de esta regla es "permitir[le] al tribunal que dictó sentencia corregir cualquier error de forma cometido en esta

---

[2] Como cuestión de umbral, concluimos que tenemos jurisdicción para expedir el auto solicitado. La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, salvo las circunstancias allí contempladas, no serán revisables las determinaciones interlocutorias del TPI. No obstante, esta Regla no aplica a los dictámenes post-sentencia, como la Resolución. El principio que subyace la Regla 52.1, *supra*, es que, en general, las determinaciones interlocutorias pueden ser revisadas en la apelación de una sentencia final. Por tanto, aunque no están comprendidas específicamente en la regla, la misma no impide la revisión de una resolución post-sentencia, así como la revisión de otros dictámenes que, como cuestión práctica, no son revisables por vía de una apelación. Véanse, por ejemplo, *Job Connection Center v. Sups. Econo*, 185 DPR 585, 599 (2012); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339-40 (2012).

por inadvertencia u omisión, o errores mecanográficos, o que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales". *SLG Coriano-Correa v. K-Mart Corp.*, 154 DPR 523, 529 (2001) (énfasis omitido). Estos errores de forma, a su vez, encuentran en su equivalente en el ámbito federal, donde se les denomina como "clerical mistakes". *Id.*, en las págs. 529-30.

Este tipo de enmienda, para corregir errores de forma, se entienden de naturaleza *nunc pro tunc,* con el efecto de que se retrotraen a la fecha de la resolución o sentencia originalmente emitida. *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 91 (2018). Una enmienda *nunc pro tunc* no procede cuando lo que se intenta corregir es un error de derecho, pues este puede afectar los derechos sustantivos de las partes. *Id.* "El criterio rector es que la cuestión a ser enmendada no conlleve la alteración de un derecho sustantivo, *sino la corrección de una mera inadvertencia*". *Id.* (énfasis suplido). Véanse, por ejemplo, *Vélez v. AAA*, 164 DPR 772 (2005); *Security Ins. Co. v. Tribunal Superior*, 101 DPR 191, 204-05 (1973); *Sucn. Rosario v. Sucn. Cortijo*, 83 DPR. 678 (1961); *Lawton v. Rodríguez*, 41 DPR 447 (1930).

Por su parte, la Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R.49.2, estipula lo siguiente (énfasis suplido):

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> . . .
>
> f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará **dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses** de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.
>
> . . .

Así pues, la Regla 49.2 se dirige a reconocer "una facultad importante que tienen los tribunales para dejar sin efecto alguna sentencia u orden suya por causa justificada". *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003). Dicha facultad llama a la creación de un debido balance de intereses entre las partes, resguardando siempre la finalidad judicial de que haya certeza y estabilidad en el sistema de los tribunales. *Id.*

"La Regla 49.2 preserva este interés fundamental al establecer un **término fatal de seis meses** para solicitar el relevo, al fijar en términos precisos las razones para el mismo, y, al excluir el error judicial, a distinción del error de la parte, como fundamento del remedio". *Figueroa v. Banco de San Juan,* 108 DPR 680, 688 (1979) (énfasis suplido) (citando a *Banco Popular v. Tribunal Superior,* 82 DPR 242 (1961).

El remedio estipulado en la Regla 49.2, *supra,* no constituye "una llave maestra para reabrir a capricho el pleito ya adjudicado ...". *Ríos v. Tribunal Superior,* 102 DPR 793, 794 (1974). "Este remedio es extraordinario, discrecional y se utiliza para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia". *Vázquez v. López,* 160 DPR 714, 725 (2003).

III.

Concluimos que el TPI no tenía jurisdicción para emitir la Segunda Sentencia, por lo cual, al ser inoficiosa y nula la misma, erró el TPI al exigir su cumplimiento mediante la Resolución. Veamos.

Al momento de emitirse la Segunda Sentencia, la Primera Sentencia había advenido final y firme, y habían transcurrido más de seis meses desde su notificación[3]. Por tanto, el TPI había perdido autoridad para reconsiderar la Primera Sentencia *motu proprio* o para, bajo la Regla 49.2, *supra*, enmendar la misma.

Nuestra conclusión se fortalece al advertirse que la enmienda a la Primera Sentencia concedió una solicitud que el propio TPI había denegado explícitamente dos meses antes al denegar la Reconsideración.

Tampoco estaba disponible para el TPI el mecanismo de la enmienda *nunc pro tunc* a la Primera Sentencia. Según arriba reseñado, este mecanismo únicamente puede utilizarse para corregir errores de forma. Sin embargo, lo que se pretendió a través de la Segunda Sentencia fue modificar la parte medular de la Primera Sentencia para imponer una responsabilidad a la parte demandada que no se determinó ni contempló en la Primera Sentencia. Incluso, al llamarle una enmienda *nunc pro tunc*, el TPI erróneamente le comunicó al Padre que lo allí dispuesto era inconsecuente y no podía ser objeto de revisión por este Tribunal.

En fin, al resultar inoficiosa la Segunda Sentencia, la misma se considera como no puesta y, por tanto, erró el TPI al determinar que la misma era ejecutable.

IV.

Por los fundamentos antes expuestos, se expide el auto solicitado y se revoca la decisión recurrida.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] No surge del récord, ni se ha planteado, que aplique aquí alguna de las situaciones excepcionales que le permiten al tribunal decretar la nulidad de una sentencia dictada más de seis meses antes.