ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-21

| ESPADA MIÑANA & PEDROSA LAW OFFICES, PSC<br><br>Parte Peticionaria<br><br>v.<br><br>MARÍA T. MEDINA GUILLOTY VIUDA DE AGUAYO, MARIBEL T. AGUAYO MEDINA Y ERIC QUETGLAS JORDAN<br><br>Parte Recurrida | TA2025CE00425 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br><br>BY2022CV02552<br><br>Sobre:<br><br>Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 14 de octubre de 2025

Comparece Espada Miñana y Pedrosa ("EMP" o "Peticionarios") y nos solicita que revoquemos la Resolución emitida el 19 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro de instancia" o "foro recurrido"). En esa ocasión, el foro de instancia declaró *Con Lugar* la solicitud de Reconsideración y le impuso a los Peticionarios el pago de costas y honorarios de abogado.

Por los fundamentos que exponemos a continuación, se expide el auto de *certiorari*, se **modifica** en parte la determinación emitida por el foro recurrido y, así modificada, se **confirma**.

-I-

La controversia del caso de epígrafe se remonta al 25 de enero de 2024 cuando los Peticionarios presentaron una *Moción de Aviso de Desistimiento*[1] de la Demanda contra la señora María T. Medina Guillot y Viuda de Aguayo ("Sra. Medina Guillot") y la señora Maribel T. Aguayo Medina ("Sra. Aguayo Medina"). Al día siguiente, la Sra. Medina Guillot y la Sra. Aguayo Medina presentaron su *Contestación a Aviso de Desistimiento*[2] solicitando que el desistimiento contra ambas fuera con perjuicio *"para evitar que luego de haber estado envueltas por un año y 8 meses en este litigio, más adelante EMP vuelva a instar otra demanda en su contra bajo las mismas alegaciones de la presente demanda"*[3].

Así las cosas, el 27 de enero de 2024[4] el foro recurrido emitió una *Sentencia Parcial*[5] en la que archivó <u>con perjuicio</u> la reclamación contra las aquí Recurridas, sin especial imposición de costas, gastos y honorarios. El 1 de febrero de 2024, los Peticionarios presentaron una *Reconsideración Regla 47 y Solicitud de Enmienda Nunc Pro Tunc*[6]. En esa ocasión, alegaron que la desestimación contra Medina Guillot debía ser sin perjuicio debido a que la Recurrida no había contestado la demanda. Así las cosas, el 2 de febrero de 2024, el foro de instancia acogió la moción de reconsideración y le concedió a la Recurrida un término de veinte (20) días para que se expresara.[7] En cumplimiento con dicha

---

[1] Véase Entrada #191 del expediente de Primera Instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Íd.*, Entrada #192.
[3] *Íd.*, pág. 2.
[4] Notificada el 29 de enero de 2024.
[5] Véase Entrada #193 del expediente de Primera Instancia en SUMAC.
[6] *Íd.*, Entrada #195.
[7] *Íd.*, Entrada #196.

Orden, el 15 de febrero de 2024, Medina Guillot presentó una *Oposición a Moción de Reconsideración*[8] en la que sostuvo que procede el desistimiento con perjuicio respecto a su persona debido a que los Peticionarios han presentado una conducta abusiva con el propósito de dilatar los procedimientos. Como parte de su escrito argumentó que, en el año 2023, los Peticionarios presentaron un pleito por los mismos hechos, el cual fue desestimado por el foro de instancia por duplicidad.[9] El 28 de febrero de 2024[10], el foro de instancia emitió una *Resolución*[11] dando por desistida la causa de acción contra la Sra. Medina Guillot, sin perjuicio. Como resultado de dicha determinación, el 28 de febrero de 2024[12], el foro recurrido dictó *Sentencia Parcial Enmendada*[13] decretando el archivo <u>sin perjuicio</u> contra la Sra. Medina Guillot y <u>con perjuicio</u> contra la Sra. Aguayo Medina.

Posteriormente, el 12 de marzo de 2024, la Sra. Medina Guillot presentó una *Moción de Reconsideración Parcial y Solicitud de Honorarios por Temeridad*[14]. Así las cosas, el 19 de marzo de 2024, el foro recurrido emitió una *Resolución*[15] concediéndole a la Sra. Medina Guillot $1,500.00 en concepto de Honorarios de Abogado y Costas. Inconforme, el 2 de abril de 2024, EMP presentó una *Solicitud de Reconsideración Regla 47*[16]. En síntesis, los Peticionarios alegan que no procede la imposición de honorarios por temeridad a favor de la Sra. Medina

---

[8] *Íd.*, Entrada #198.
[9] Con el alfanumérico BY2022CV05882.
[10] Notificada el 29 de febrero de 2024.
[11] Véase Entrada #211 del expediente de Primera Instancia en SUMAC.
[12] Notificada el 29 de febrero de 2024.
[13] Véase Entrada #212 del expediente de Primera Instancia en SUMAC.
[14] *Íd.*, Entrada #217.
[15] *Íd.*, Entrada #222.
[16] *Íd.*, Entrada #224.

Guillot por esta haber presentado la solicitud fuera del término provisto para ello. Además, alegan que la parte que solicita tales honorarios debe haber resultado victoriosa "*[…] lo que no ha ocurrido en este caso […]*[17]". El 17 de abril de 2024[18], el foro de instancia emitió una *Resolución*[19] en la que declaró *No Ha Lugar* la solicitud de reconsideración de los Peticionarios y mantuvo los honorarios impuestos. Además, indicó que la Sentencia Parcial enmendada fue emitida el 28 de febrero de 2024 y notificada el 29 de febrero de 2024.

Nuevamente inconforme, los Peticionarios acudieron ante este foro mediante recurso de apelación, el cual fue acogido como *certiorari*[20]. En esa ocasión, desestimamos el recurso por haberse presentado prematuramente. Ante el silencio de los Peticionarios, el 19 de agosto de 2025, el foro de instancia emitió una *Orden*[21] en la que ordenó a las partes a exponer sus razones para no archivar y desestimar el caso. En respuesta a ello, los Peticionarios presentaron una *Moción en Cumplimiento de Orden y Para Continuar Los Procedimientos*[22]. En esa ocasión, le solicitaron al foro recurrido resolver la *Solicitud de Reconsideración Regla 47*[23] presentada el 2 de abril de 2024. Mediante dicha moción, los Peticionarios solicitaron que se deje sin efecto la Resolución[24] dictada el 19 de marzo de 2024 en la que el foro de instancia concedió honorarios de abogados y costas a favor de la Sra. Medina Guillot. A

---

[17] *Íd.*, pág.
[18] Notificada el 18 de abril de 2024.
[19] Véase Entrada #231 del expediente de Primera Instancia en SUMAC.
[20] Se mantuvo su identificación alfanumérica KLAN202400392.
[21] Véase Entrada #256 del expediente de Primera Instancia en SUMAC.
[22] *Íd.*, Entrada #257.
[23] *Íd.*, Entrada 224.
[24] *Íd.*, Entrada #222.

tales efectos, el foro de instancia emitió una *Resolución*[25] declarando *No Ha Lugar* la solicitud de reconsideración. Inconforme con el dictamen, el 8 de septiembre de 2025, los Peticionarios acudieron ante esta Curia mediante recurso de *certiorari* e hicieron el siguiente señalamiento de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ACOGER UNA MOCIÓN DE RECONSIDERACIÓN CONTRA UNA SENTENCIA FINAL Y FIRME CON LA CONSECUENCIA DE CONCEDER HONORARIOS DE ABOGADO A UNA PARTE QUE NUNCA CONTESTÓ LA DEMANDA Y COSTAS A QUIEN NO PREVALECIÓ EN EL PLEITO.**

-II-

**A. *Certiorari***

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[26]

Mediante la Regla 52.1 de Procedimiento Civil de 2009[27], se hizo un cambio trascendental respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del foro de instancia mediante recurso de *certiorari*. A tales efectos, la Regla 52.1 de Procedimiento Civil, supra, dispone, en parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones

---

[25] *Íd.*, Entrada #231.
[26] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[27] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 52.1.

sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Por tanto, el asunto planteado en el recurso instado por el promovente debe tener cabida bajo alguno de los incisos de la Regla 52.1, supra, pues el mandato de la referida regla establece taxativamente que "*solamente será expedido*" el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, aquellos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[28]

Así las cosas, el primer examen que debe pasar todo recurso de *certiorari* para ser expedido es que tenga

---

[28] La Ley Núm. 177 del 30 de noviembre de 2010 "extendió la facultad de presentar recursos de *certiorari* para revisar también aquellas órdenes o resoluciones interlocutorias dictadas por el foro primario que involucren asuntos de interés público o que presenten situaciones que demanden la atención inmediata del foro revisor, pues aguardar hasta la conclusión del caso conllevaría un 'fracaso irremediable de la justicia'" *IG Builders, et al. v. BBVAPR*, 185 DPR 307 (2012).

cabida bajo alguno de los incisos de la Regla 52.1 de Procedimiento Civil.

Superada esta primera etapa, procede hacer nuestro examen tradicional caracterizado por la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. A pesar de ser un asunto discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[29]

Sólo podremos intervenir con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de

---

[29] Véase Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

discreción; o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo.[30] Aun cuando determinar si un tribunal ha abusado de su discreción no es tarea fácil ello ciertamente está relacionado de forma estrecha con el concepto de razonabilidad.[31]

## B. Enmiendas *Nunc Pro Tunc*

La Regla 49.1 de Procedimiento Civil provee el mecanismo para corregir errores de forma. A tales efectos, la regla dispone lo siguiente:

> Los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en éstas por inadvertencia u omisión, el tribunal podrá corregirlos en cualquier tiempo, a su propia iniciativa o a moción de cualquier parte, previa notificación, si ésta se ordena. Durante la tramitación de una apelación o un recurso de *certiorari*, podrán corregirse dichos errores antes de elevar el expediente al tribunal de apelación y, posteriormente, sólo podrán corregirse con el permiso del tribunal de apelación.[32]

Ya sea a moción de parte o por iniciativa propia, un tribunal puede corregir errores de forma que surjan de sentencias, órdenes, resoluciones u otras partes del expediente mediante una enmienda *nunc pro tunc[33]*. Tales enmiendas tienen un efecto retroactivo a la fecha de la sentencia o resolución original[34].

El Tribunal Supremo de Puerto Rico ha expresado que los errores de forma son aquellos que ocurren *"por inadvertencia u omisión, o errores mecanográficos, o que no puedan considerarse que van a la sustancia de la*

---

[30] *Rivera Durán v. Bco. Popular*, 152 DPR 140, 155 (2000).
[31] *Íd.*
[32] Regla 49.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 49.1.
[33] José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. ed., San Juan, Ed. Publicaciones JTS, 2011, T. IV pág. 1392.
[34] *Otero Vélez v. Schroder Muñoz*, 200 DPR 76 (2018); *Vélez v. A.A.A.*, 164 DPR 772, 792 (2005).

*sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales*"[35]. Entre los errores de forma más comunes se encuentran, por ejemplo, los errores en cómputos matemáticos no relacionados con la discreción del foro primario, los errores en nombres de lugares o personas, errores de fechas y errores en números o cifras[36].

Ahora bien, no procede una enmienda *nunc pro tunc* cuando se trata de un error de derecho o de una enmienda que afecte los derechos sustantivos de las partes[37]. El criterio rector es que la cuestión a ser enmendada no conlleve la alteración de un derecho sustantivo, sino la corrección de una mera inadvertencia[38].

**C. Moción de Reconsideración al amparo de la Regla 47 de Procedimiento Civil**

La Regla 47 de Procedimiento Civil[39] es conocida por proveer un mecanismo que permite a los tribunales modificar o corregir aquellos errores en los que hubiesen incurrido al dictar órdenes, resoluciones y sentencias[40]. En lo pertinente a la controversia ante nos, la citada Regla 47 dispone que: "[…] *[l]a parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia* […]"[41].

---

[35] *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 721 (2011).
[36] José A. Cuevas Segarra, *supra*, pág. 1391.
[37] *Otero Vélez v. Schroder Muñoz*, *supra*; *Security Ins. Co. v. Tribunal Superior*, 101 DPR 191, 205 (1973).
[38] *Otero Vélez v. Schroder Muñoz*, *supra*, pág. 91.
[39] Regla 47 de las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 47.
[40] *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 166 (2016).
[41] 32 LPRA Ap. V, R. 47.

**D. Costas y honorarios de abogado**

En nuestro ordenamiento jurídico, la imposición de costas está regulada por la Regla 44.1 de Procedimiento Civil[42]. Sobre este particular, la regla dispone lo siguiente:

> Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra[43].

Por otro lado, la citada regla establece que la imposición de honorarios de abogado procede cuando una parte ha actuado con temeridad o frivolidad.[44] En parte pertinente, la Regla 44.1 de Procedimiento Civil, supra, establece lo siguiente:

> En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta […][45].

A pesar de que la citada regla no define en qué consiste una conducta temeraria, la jurisprudencia la ha descrito como "*aquellas actuaciones de un litigante que lleven a un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos*"[46]. Así, la penalidad que se impone por conducta temeraria tiene

---

[42] Regla 44.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 44.1.
[43] 32 LPRA Ap. V, R. 44.1 (a).
[44] *Torres Vélez v. Soto Hernández*, 189 DPR 972, 993 (2013).
[45] 32 LPRA Ap. V, R. 44.1 (d).
[46] *SGL González-Figueroa v. SGL et al.*, 209 DPR 138, 148 (2022).

como fin "*disuadir la litigación frívola y fomentar las transacciones mediante sanciones que compensen a la parte victoriosa por los perjuicios económicos y las molestias producto de la temeridad de la otra parte*"[47]. También se ha indicado que el propósito de la imposición de honorarios es penalizar a la parte que por su "*terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito*"[48]. Es decir, que es temerario quien torna necesario un pleito frívolo o provoca su indebida prolongación, obligando a la otra parte a incurrir en gastos innecesarios[49].

La decisión sobre si procede la imposición de honorarios de abogado descansa en la sana discreción del juzgador[50]. Determinada la existencia de temeridad, el tribunal deberá tomar en consideración una serie de factores para poder calcular la cantidad que concederá, a saber: "*(1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada, y (5) el nivel profesional de los abogados*"[51] La cantidad concedida en honorarios de abogado al amparo de la Regla 44.1 de Procedimiento Civil, supra, no necesariamente tiene que ser equivalente al valor de los servicios legales prestados, sino a "*aquella suma que en consideración al grado de temeridad y demás circunstancias el tribunal concluye*

---

[47] *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 505 (2010).
[48] *C.O.P.R. v. S.P.U.*, 181 DPR 299, 342 (2011); *Torres Vélez v. Soto Hernández, supra.*
[49] *Colón Santos v. Coop. Seg. Mult. P.R.*, 173 DPR 170, 188 (2008); P.R. Oil v. Dayco, 164 DPR 486, 511 (2005); *Domínguez v. GA Life*, 157 DPR 690, 706 (2002).
[50] *SGL González-Figueroa v. SLG et al.*, supra, pág. 150.
[51] *C.O.P.R. v. S.P.U., supra,* pág. 342-343.

*que representa razonablemente el valor de esos servicios*"[52].

-III-

En el caso de epígrafe, los Peticionarios acuden ante esta Curia alegando que el foro recurrido acogió la moción de reconsideración presentada por la Sra. Medina Guillot fuera del término provisto por la Regla 47 de Procedimiento Civil. Veamos.

El 29 de enero de 2024, el foro de instancia notificó una Sentencia Parcial en la que desestimó <u>con perjuicio</u> la Demanda instada contra la Sra. Medina Guillot y la Sra. Aguayo Medina. Inconforme, los Peticionarios presentaron una moción de reconsideración alegando que la desestimación contra la Sra. Medina Guillot debía ser <u>sin perjuicio</u> debido a que esta no había presentado su Contestación a Demanda. Ante tal planteamiento, el foro recurrido emitió una Resolución el 28 de febrero de 2024 declarando Con Lugar la solicitud de reconsideración y decretando el archivo sin perjuicio contra la Sra. Medina Guillot. A tales efectos, el 29 de febrero de 2024, el foro de instancia notificó una Sentencia Parcial Enmendada. En esa ocasión, se aclaró el asunto de la desestimación, sin especial imposición de costas, gastos y honorarios. Ahora bien, por entender que los Peticionarios han mostrado una conducta abusiva durante el litigio, el 12 de marzo de 2024, la Sra. Medina Guillot presentó una moción de reconsideración solicitando honorarios por temeridad. Luego de varios incidentes procesales, el foro recurrido declaró con lugar dicha solicitud

---

[52] *Santos Bermúdez v. Texaco P.R., Inc.,* 123 DPR 351, 357 (1989).

mediante Resolución emitida el 19 de marzo de 2024. Ante tal determinación, los Peticionarios arguyen que la Sra. Medina Guillot presentó su solicitud de reconsideración fuera de término tras alegar que la enmienda reflejada en la Sentencia se trata de una *nunc pro tunc* y, por lo tanto, se retrotrae a la fecha original, es decir, al 29 de enero de 2024. No les asiste la razón.

Tal y como indicamos en el acápite II, es norma establecida que una enmienda *nunc pro tunc* procede cuando los autos revelan que la sentencia, tal como ha sido enmendada, hubiese sido dictada desde el primer momento, a no ser por la inadvertencia del tribunal o el error u omisión del secretario.[53] Cabe señalar que la determinación de que un pleito se desestime sin perjuicio o con perjuicio incide en los derechos de las partes. Por lo tanto, no se trata de un mero error clerical u omisión del secretario.

La Resolución mediante la cual el foro de instancia declaró Con Lugar la moción de reconsideración que dio lugar a la Sentencia enmendada señala lo siguiente: "*[e]valuada la Reconsideración de la parte demandante…*", es decir, la enmienda ocurrió luego de un proceso de análisis de los planteamientos hechos por los Peticionarios y no con el propósito de corregir un error de forma. Siendo así, no corresponde catalogar la enmienda dictada como una *nunc pro tunc*, en la medida en que se trata de un cambio sustancial que incide en el derecho de las partes. Por lo tanto, la enmienda en cuestión no se retrotrajo a la fecha de la Sentencia original, sino que, una vez el foro recurrido emitió la

---

[53] *Lawton v. Rodríguez*, 41 DPR 447, 451-452 (1930).

Sentencia Parcial Enmendada comenzó a decursar un nuevo término de quince (15) días para solicitar reconsideración. Cónsono con lo anterior, concluimos que la Sra. Medina Guillot presentó su moción de reconsideración dentro del término provisto para ello.

Ahora, pasemos a atender el señalamiento hecho por los Peticionarios respecto a las costas y honorarios de abogado.

Según indicamos, las costas se conceden a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión. En el caso de marras, a solicitud de los Peticionarios, el foro de instancia desestimó, sin perjuicio, la causa de acción contra la Sra. Medina Guillot. No nos encontramos ante un escenario donde exista una parte perdidosa, sino que, mediante dicha actuación, los Peticionarios declararon su deseo de no continuar con el litigio. Ante un escenario como este, no corresponde imponer costas a favor de la Sra. Medina Guillot.

Ahora bien, respecto a los honorarios de abogado, la Regla 44.1 permite que, bajo la sana discreción judicial, el tribunal sentenciador determine si procede la imposición de honorarios. En su Moción de Reconsideración y Solicitud de Honorarios por Temeridad, la Sra. Medina Guillot argumentó sobre la conducta abusiva que ha desplegado EMP durante el litigio, la cual "*[…] ha dilatado sustancialmente los procedimientos, e incrementado los trabajos y los costos en este caso […]*"[54]. Luego de evaluar los argumentos de las partes, el foro recurrido determinó que procedía la

---

[54] Véase Entrada #217 del expediente de Primera Instancia en SUMAC.

imposición de honorarios de abogado a favor de la Sra. Medina Guillot. Del expediente del caso no surge evidencia alguna que nos permita concluir que el foro de instancia abusó de su discreción. Por lo tanto, no nos corresponde intervenir con la determinación del foro recurrido en lo que respecta a la imposición de honorarios de abogado.

-IV-

A tenor con lo anterior, se expide el auto de *certiorari*, se **modifica** la Sentencia recurrida a fin de eliminar la imposición de costas a favor de la Sra. Medina Guillot y, así modificada, se **confirma**.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*